[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#123)
The plaintiff, The First National Bank of Litchfield, moves to strike the defendant Richard Blitz's four special defenses in this foreclosure action. The defendant objects to the plaintiff's motion on the grounds that they are untimely and improper under our rules of practice.
On May 24, 1994, the defendant filed an answer and three special defenses. The plaintiff filed a reply to these special defenses on June 13, 1994. On May 3, 1995, the defendant filed a request to amend his answer in order to add a fourth special defense. The plaintiff did not object to this request.
On May 30, 1995, the plaintiff filed the present motion to strike the four special defenses. In support of its motion, the plaintiff filed a memorandum of law. The defendant timely filed a memorandum in opposition.
The defendant argues in his memorandum that the plaintiff's motion to strike is improper and untimely under Practice Book Secs. 176 and 177. The defendant contends that since the plaintiff did not object to the request to amend, under Practice Book Sec. 176 he is deemed to have consented to the amendment adding the fourth special defense. The defendant also argues that since the plaintiff already filed a responsive pleading to the first three special defenses, he is now precluded from moving to strike them under Practice Book Sec. 177. The amendment did not alter the first three special defenses.
Practice Book Sec. 177 provides in pertinent part that:
 [w]hen any pleading is amended the adverse party may plead thereto within the time provided by Sec. 114 or, if he has already pleaded, alter his pleading, if he so desires, within ten days after such amendment or such other time as these rules, or the court may prescribe. . . . If the adverse CT Page 9021 party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible.
Since the plaintiff failed to object to the amendment, as is required by Sec. 176, he is deemed to have consented to the amendment adding the fourth special defense. Whitaker v. HousingAuthority, Superior Court, J.D. of Stamford/Norwalk at Stamford, No. 096268 (January 12, 1994, Lewis, J.). Furthermore, pursuant to Sec. 177, the plaintiff's reply to the first three special defenses "becomes the operative pleading and no further pleadings, including a motion to strike are permitted." Id.; see also Romano v. DobsonTurf, Inc., 1 Conn. L. Rptr. 797, 798 (June 22, 1990, Lewis, J.).
For these reasons, the motion to strike is denied.
PICKETT, J.